UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 3 POINT HOLDINGS, L.L.C. AND GERALD WOLFE | CIVIL ACTION |
| VERSUS | NO: 06-10902 |
| GULF SOUTH SOLUTIONS, L.L.C. ET AL. | SECTION: "S" (5) |

## ORDER

**IT IS HEREBY ORDERED** that the motion of 3 Point Holdings, L.L.C., Gerald Wolfe, and Steve Serafin to dismiss with prejudice the counterclaims and third-party claims of Gulf South Solutions, L.L.C., Rolando Gonzalez, and Daniel Pearlman, pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED**, and the counterclaims and third-party claims are **DISMISSED WITH PREJUDICE**.  (Document #30.)

### BACKGROUND AND DISCUSSION

3 Point Holdings, L.L.C., Serafin, and Wolfe (collectively, 3 Point Holdings) move to dismiss with prejudice the following counterclaims and third-party claims of Gulf South Solutions, Rolando Gonzalez, and Daniel Pearlman (collectively, Gulf South Solutions).

Gulf South Solutions alleges a counterclaim for tortious interference with contractual relations against 3 Point Holdings.  The defendants-in-counterclaim contend that the

counterclaim fails to state a claim because the cause of action is limited to the officers of a corporation under Louisiana law.  See 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228, 231 (La. 1989).

The defendants-in-counterclaim contend that Gulf South Solutions failed to state a claim for tortious interference with prospective business.  They argue that Gulf South Solutions has failed to plead that they acted with malice, rather than profit, in their purported actions toward Gulf South Solutions, a necessary element of the cause of action.  See JCD Marketing v. Bass Hotels and Resorts, 812 So.2d 834, 841 (La. Ct. App. 2002) ("Louisiana courts have limited this cause of action by imposing a malice element, which requires that the plaintiff show the defendant acted with actual malice.")

The defendants-in-counterclaim contend that Gulf South Solutions failed to state a claim for breach of fiduciary duty because there is no allegation that a fiduciary duty existed among the defendants and Gulf South Solutions.  They argue Gulf South Solutions alleges only that a "special relationship" of borrower and lender existed, and current law no longer imposes a fiduciary duty upon lenders with a written agency or trust agreement.  See La. Rev. Stat. 6:1124.

The defendants-in-counterclaim contend that Gulf South Solutions failed to state a claim for negligence because the complaint does not allege that Gulf South Solutions was owed a duty or that any duty was breached.  Further, the defendants-in-counterclaim contend that Gulf South Solutions failed to state a claim for conspiracy because the complaint does not allege an underlying tortious act that caused injury to Gulf South Solutions.

The court has granted Gulf South Solutions extensions in order to oppose the defendants-

in-counterclaim's motion to dismiss.  In a letter to the court from Rolando Gonzalez, Gulf South Solutions requests that the motion be denied.  However, Gulf South Solutions has not presented the court with a memorandum in opposition with legal arguments and supporting authority.

The court has *sua sponte* considered the defendants-in-counterclaim's motion to dismiss and the supporting law, and finds that it has merit.  Accordingly, the motion to dismiss with prejudice for failure to state a claim is granted.

New Orleans, Louisiana, this   7th   day of February, 2008.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**