UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 3 POINT HOLDINGS, L.L.C. AND GERALD WOLFE | CIVIL ACTION |
| VERSUS | NO: 06-10902 |
| GULF SOUTH SOLUTIONS, L.L.C., ET AL. | SECTION: "S" (5) |

## ORDER

**IT IS HEREBY ORDERED** that the unopposed motion for summary judgment of 3 Point Holdings, L.L.C. and Gerald Wolfe is **GRANTED**.  (Document #41.)

## I. BACKGROUND

Gulf South Solutions, L.L.C. (Gulf South) is a private insurance claims processor that was formed shortly after Hurricane Katrina and began operations in November 2005.[1]  Daniel Pearlman was the original manager of Gulf South, but Rolando Gonzalez took over management when Pearlman relinquished his position and received a severance package.  In a typical transaction, a homeowner or business owner would retain Gulf South as a public claims adjuster,

---

[1] The members of Gulf South are AGPA Adjusters, Inc. and Gnilles Consulting, L.L.C.  AGPA's officers and directors are Rolando Gonzalez and his wife, Kathleen Gonzalez.  Gnilles Consulting is a limited liability company.  It's sole member and manager is Natural Choice, L.L.C., a limited liability company under the direction and control of Daniel Pearlman.

and Gulf South would hire independent contractors with expertise in insurance adjusting to analyze a claim, process the claim, and negotiate a settlement.  Gulf South received a portion of the amount paid upon settlement as its compensation.

In December 2005, Gulf South obtained a $300,000 loan from 3 Point Holdings, L.L.C. (3 Point Holdings) and Gerald Wolfe.  Gulf South initially recognized profits, but failed to make timely payments on its obligations under the loan, to the claims adjusters, and to other creditors.  As of July 2006, Gulf South's liabilities exceeded the value of its assets.  However, in spite of Gulf South's insolvency, Gonzalez made significant payments to himself and others.

3 Point Holdings and Wolfe filed a complaint against Gulf South, Gonzalez, Pearlman, Gnilles, and AGPA to recover the amounts due under the loan.  The plaintiffs allege that the defendants breached a fiduciary duty to the creditors of a limited liability company that has reached the zone of insolvency; the separate entities should be disregarded and treated as one entity because they are the alter egos of Gonzalez and Pearlman; the payments to AGPA and other insiders should be rescinded, and the amounts transferred to Gulf South, subject to a lien in favor of the plaintiffs; and the defendants engaged in looting the cash reserves of Gulf South with the intent to defraud creditors, in violation of Florida's fraudulent conveyance act.[2]  The plaintiffs filed a motion for summary judgment.

## II. DISCUSSION

---

[2]  Gulf South filed a counterclaim against the plaintiffs and a third-party claim against Steve Serafin, the president of 3 Point Holdings, alleging tortious interference with contractual relations and business opportunities.  Wolfe ultimately provided the funding in place of Serafin.  The counterclaim and third-party claim were dismissed on February 8, 2008.

**A. Legal standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B. Breach of obligation to creditors**

The plaintiffs contend that the defendants owed them an "expanded fiduciary duty" as creditors once Gulf South was within the "zone of insolvency." The plaintiffs argue that the defendants diverted funds for their personal benefit and the benefit of entities they control, and failed to act in the best interest of Gulf South, resulting in a breach of a fiduciary duty to Gulf South, its employees, and creditors. Based on the breach of the duty, the plaintiffs seek to recover the amounts owed on Gulf South's indebtedness to them.

Officers and directors who are aware that the entity is within the "zone of insolvency"

have expanded fiduciary duties which include the creditors, not just the equity holders.  (Carrieri v. Jobs.Com Inc., 393 F.3d 508, 534 & n.24 (5th Cir. 2004) (in the context of a corporation).  A creditor may prevail on a claim of breach of that duty if he shows that wrongful transactions placed the entity in the zone of insolvency.  Id.

The plaintiffs support their argument that Gulf South was within the "zone of insolvency" with an affidavit from Steve Serafin who states the following.  3 Point Holdings and Gerald Wolfe made a loan of $300,000 to Gulf South Solutions in December 2005, and Gulf South Solutions failed to make the first payment as required under the loan documents.  Beginning in March 2006, Gonzalez and Pearlman failed to make timely payments to vendors and employees.  Repeated requests for monthly certified accounting and financial books and records were ignored.  Serafin opines that it is doubtful that the appropriate books and records were kept.  In addition, funds were transferred from Gulf South's bank accounts to AGPA, Gnilles, Gonzalez, and Pearlman, even though 3 Point Holdings, Gerald Wolfe, employees, and creditors were not paid.  As of February 19, 2008, the defendants owed 3 Point Holdings $255,000, and Gerald Wolfe $127,500.  Moreover, bank statements of Gulf South, indicating cancelled checks, checkcard transactions, and wire transactions, support Serafin's statements that funds were transferred for the benefit of AGPA, Gnilles, Gonzalez and Pearlman, and not to 3 Point Holdings, Gerald Wolfe, or Gulf South's creditors.

Notice of the motion for summary judgment was sent by mail to the defendants on February 19, 2008.  The defendants have neither opposed the motion by submitting evidence to raise a factual dispute concerning the financial status of Gulf South and the expanded fiduciary

duty nor contacted the court for an extension of time to oppose the motion.

Accordingly, the unopposed motion for summary judgment on the issue of a breach of fiduciary duty is granted, awarding $255,000 in favor of 3 Point Holdings and $127,500 in favor of Gerald Wolfe.

New Orleans, Louisiana, this  13th  day of March, 2008.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE